| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> F. MENDOZA, et al., <br><br> Defendants. | 1:18-cv-00969-LJO-GSA-PC <br><br> ORDER DENYING MOTION FOR RECONSIDERATION <br> (ECF No. 9.) |

**I. BACKGROUND**

Christopher Lipsey, Jr. ("Plaintiff"), is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 18, 2018, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) Plaintiff's case was dismissed on July 20, 2018, under 28 U.S.C. §1915(g), without prejudice to refiling the case with submission of the $400.00 filing fee in full. (ECF No. 5.)

On December 26, 2018, Plaintiff filed a motion requesting a trial, which the court construes as a motion for reconsideration of the court's order dismissing his case. (ECF No. 9.)

**II. MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531

1

F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Before dismissing this case, the court found that on at least three prior occasions, Plaintiff had brought actions while incarcerated that were dismissed as frivolous, malicious, or failure to state a claim upon which relief may be granted. (ECF No. 5.) Thus, Plaintiff was subject to § 1915(g) and was precluded from proceeding *in forma pauperis* unless he was, at the time the complaint was filed, under imminent danger of serious physical injury. (Id.) The court found that Plaintiff did not face conditions allowing him to meet the imminent danger exception at the time the complaint was filed, and he was therefore precluded from proceeding with this case unless he submitted the appropriate filing fee. (Id.) On July 20, 2018, the court dismissed the case, without prejudice to refiling with the submission of the $400.00 filing fee in full. (Id.)

///

///

Plaintiff now requests the court to reconsider its decision to dismiss this case.[1] Plaintiff argues that pursuant to Silva v. Divittorio, 658 F.3d 1090, 1099 (9th Cir. 2011), he is not barred from proceeding *in forma pauperis* in this case because his three cases dismissed as frivolous have not been affirmed or the time to appeal has not expired. Plaintiff also cites a case decided by the D.C. Circuit, Thompson v. Drug Enforcement Admin., 492 F.3d 428, 440 (D.C. Cir. 2011), in which the court held that § 1915(g) only applies to final dismissals and accordingly, "[d]ismissals do not count as strikes until an appeal has been either waived or resolved."

Plaintiff's arguments fail because the law has changed. The court in Silva held that while "[s]ection 1915(g) does not expressly state whether a prior dismissal of 'an action or appeal' must be final before it can be considered a 'strike,'. . this conclusion is 'fairly implied.'" Silva, 658 F.3d at 1098 (quoting Thompson, 492 F.3d at 432). The Silva court concluded that "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal." Silva, 658 F.3d at 1100.

Subsequently, the U. S. Supreme Court held otherwise in Coleman v. Tollefson, 135 S. Ct. 1759, 1765, 191 L. Ed. 2d 803 (2015). In Coleman, petitioner Coleman had filed three lawsuits "during his incarceration that had been dismissed as frivolous (or on other grounds enumerated in § 1915(g))." Id. at 1762. Nonetheless, Coleman moved to proceed *in forma pauperis* in four new federal lawsuits. Coleman "denied that his third dismissed lawsuit counted as a strike under § 1915(g) . . . because he had appealed the dismissal and the appeals court had not yet ruled." Id. The district court and the Sixth Circuit disagreed with Plaintiff, finding that Plaintiff's dismissed cases counted as strikes. The Supreme Court upheld the lower court decisions, deciding that the dismissal of a prisoner's prior suit counted as strike, despite appeal therefrom, under the three-strikes provision of *in forma pauperis* statute. The Supreme Court held that "a prisoner who has accumulated three prior qualifying dismissals under § 1915(g) may

///

---

[1] Plaintiff requests the court to excuse the untimeliness of this motion, explaining that he did not find the cases [supporting this motion] sooner.

not file an additional suit *in forma pauperis* while his appeal of one such dismissal is pending." Id. at 1765.

Based on this analysis, Plaintiff is not entitled to proceed *in forma pauperis* in this case, even if he has not exhausted or waived his opportunity to appeal any of his cases that count as a strike under 28 U.S.C § 1915(g). Therefore, Plaintiff's motion for reconsideration shall be denied, and no further requests for reconsideration shall be considered in this case.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on July 20, 2018, is DENIED; and
2. No further requests for reconsideration shall be considered in this case.

IT IS SO ORDERED.

Dated: **January 23, 2019**   /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE